NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOAH'S ARK PROCESSORS, LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CMBG ADVISORS, INC., <br><br> Defendant-Appellee. | No. 19-55945 <br><br> D.C. No. 2:19-cv-01057-CAS-JDE <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 13, 2020[**]
Pasadena, California

Before: WARDLAW and VANDYKE, Circuit Judges, and CHOE-GROVES,[***] Judge.

Noah's Ark Processors, LLC ("Noah's Ark") appeals the dismissal with

prejudice of its First Amended Complaint in its breach of fiduciary duty action

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

against CMBG Advisors, Inc. ("CMBG").

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and review for abuse of discretion the denial of a motion to amend a complaint, *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). We affirm.

1. First, the district court did not err in dismissing the breach of fiduciary duty claim as alleged in the First Amended Complaint. To state a claim for breach of fiduciary duty under California law, a plaintiff must show: (1) the existence of a fiduciary relationship, (2) a breach of that relationship, and (3) damage proximately caused by that breach. *See Roberts v. Lomanto*, 112 Cal. App. 4th 1553, 1562 (2003). The parties do not dispute that CMBG owes Noah's Ark a fiduciary duty. We conclude that the First Amended Complaint does not support the second element and thus do not reach the third. When granted leave to amend, Noah's Ark did not add factual allegations showing a breach of fiduciary duty. To the contrary, Noah's Ark's arguments that CMBG's alleged emails to Noah's Ark "clearly implied" CMBG's intent to prioritize payment to other unsecured creditors do not support a reasonable inference to make the breach claim plausible. It is not reasonable to infer that CMBG's responses in its emails allegedly show a plan to compensate other unsecured creditors ahead of Noah's Ark.

2

2.  Second, the district court did not abuse its discretion in denying Noah's Ark leave to amend the First Amended Complaint.  "[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only [] gross abuse" will disturb its rulings.  *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (citation and internal quotation marks omitted).  Here, the district court found further amendment would be futile.  Having already been given leave to replead, Noah's Ark failed to allege sufficient additional facts to support its breach claim.  The district court acted within its discretion in denying leave to amend because Noah's Ark was provided ample opportunity to state a plausible breach claim and failed to do so.

3.  We have considered Noah's Ark's remaining arguments and find them unavailing.

**AFFIRMED.**